Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ  85024

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Mary C. Farnham*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Mary C. Farnham,<br><br>              Plaintiff,<br><br>       v.<br><br>Life Insurance Company of North America, SHPS, Inc., Group Short Term Disability Plan for Employees of SHPS, Inc., Group Long Term Disability Plan for Employees of SHPS, Inc., SHPS, Inc. Health Insurance Plan,<br><br>              Defendants. | Case No.<br><br>**COMPLAINT** |

         Now comes the Plaintiff Mary C. Farnham (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

## *Jurisdiction*

         1.       Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

***Parties***

2.      Plaintiff is a resident of Maricopa, Arizona.

3.      Upon information and belief, Defendant SHPS, Inc. (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group short term disability insurance policy which was fully insured and administered by Life Insurance Company of North America (hereinafter referred to as "LINA").  The specific LINA short term disability policy (hereinafter referred to as the "STD Policy") is known as Group Policy LK0750057.  The Company's purpose in subscribing to the LINA STD Policy was to provide short term disability insurance for its employees.  Upon information and belief, the LINA short term disability policy may have been included in and part of the Group Short Term Disability Plan for Employees of SHPS, Inc. (hereinafter referred to as the "STD Plan") which may have been created to provide the Company's employees with welfare benefits.  At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4.      Upon information and belief, the Company or Plan may have delegated responsibility for the Plan and/or claim administration of the STD Policy to LINA.  Plaintiff believes that as it relates to her claim, LINA functioned as the Plan and/or Claim Administrator; however, pursuant to the relevant ERISA regulation, the Company and/or Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in LINA.

5.      Upon information and belief, Plaintiff believes LINA operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of

2

1   benefits; *to wit,* LINA's conflict existed in that if it found Plaintiff was disabled it was also
2   liable for payment of those benefits.

3        6.     Upon information and belief, the Company also sponsored, subscribed to and
4   administered a group long term disability insurance policy (hereinafter referred to as the
5   "LTD Policy") which was also fully insured and administered by LINA.  The Company's
6   purpose in subscribing to the LINA LTD Policy was to provide long term disability
7   insurance for its employees.  Upon information and belief, the LINA long term disability
8   policy may have been included in and part of the Group Long Term Disability Plan for
9   Employees of SHPS, Inc. (hereinafter referred to as the "LTD Plan") which may have
10  been created to provide the Company's employees with welfare benefits.  At all times
11  relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29
12  U.S.C. §1002(1).

13       7.     In its role of insuring and administering the LTD Policy, LINA operated
14  under a structural conflict of interest in that it was the decision maker and payor of benefits;
15  LINA's conflict existed in that it operated in dual roles as the decision maker with regard to
16  whether Plaintiff was disabled as well as the payor of benefits; *to wit,* LINA's conflict
17  existed in that if it found Plaintiff was disabled it was also liable for payment of those
18  benefits. [1]

19       8.     LINA's conflict also existed in that if it determined Plaintiff was disabled for
20  the entire short term disability timeframe, Plaintiff was then eligible to file a long term

21

22  ---

[1] "A plan administrator's dual role of both evaluating and paying benefits claims creates
23  the kind of conflict of interest referred to in Firestone. *That conclusion is clear where it is
    the employer itself that both funds the plan and evaluates the claim*, but a conflict also
24  exists where, as here, the plan administrator is an insurance company. For one thing, the
    employer's own conflict may extend to its selection of an insurance company to
25  administer its plan." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343 (U.S. 2008) (emphasis
    added).

26

disability claim against LINA's fully insured policy.  If LINA determined Plaintiff was also disabled pursuant to its LTD Policy, it would have then incurred significant liability and potentially been required to pay Plaintiff disability benefits for an extended period of time.

In denying Plaintiff's short term disability claim, LINA's conflict manifested in that its decision to deny short term disability benefits also precluded Plaintiff from being eligible for long term disability benefits.

9.     The Company, LINA, STD Plan and LTD Plan conduct business within Maricopa and all events giving rise to this Complaint occurred within Maricopa.

*Venue*

10.     Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

*Nature of the Complaint*

11.     Incident to her employment, Plaintiff was a covered employee pursuant to the Plans and relevant Policies and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plans and relevant policies pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

12.     After working for the Company as a loyal employee, Plaintiff became disabled due to serious medical conditions and was unable to work in her designated occupation as a Nurse Claims Manager on or about April 24, 2009.  Plaintiff has remained disabled as that term is defined in the relevant STD Policy and LTD Policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

13.     Following her disability, Plaintiff applied for STD benefits under the relevant STD Policy.  The relevant STD Policy provides the following definition of disability:

4

The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:

- Unable to perform all the material duties of his or her Regular Occupation; and
- Unable to earn 60% or more of his or her Covered Earnings from working in his or her Regular Occupation.

14.    In support of her claim for short term disability benefits, Plaintiff submitted medical records to LINA from her treating physicians which supported her allegation she met the STD Policy's relevant definition of disability.

15.    LINA informed Plaintiff on or about May 7, 2009 it was approving her claim for short term disability benefits for the period of May 7, 2009 through September 11, 2009.

16.    Plaintiff timely appealed LINA's decision to terminate her benefits and submitted to LINA medical records, Attending Physicians' Statements from her treating physicians, a Vocational Assessment and Evaluation and a Psychological Evaluation which all supported her allegation she met the relevant definition of disability in the STD Policy.

17.    Prior to rendering its final determination to deny Plaintiff's claim for short term disability benefits, LINA obtained a medical records only review "paper review" of Plaintiff's claim from David J. McDowell, Ph.D.

18.    Plaintiff believes Dr. McDowell is a long time consultant for the disability insurance industry.  Due to his relationship with the insurance industry, Plaintiff believes Dr. McDowell has an incentive to protect this consulting relationship with the industry and LINA by providing medical review reports which selectively review or ignore evidence, such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies and which supported the denial of Plaintiff's claim.

19.    Plaintiff also believes Defendants violated ERISA, specifically 29 CFR § 2560.503-1(h)(3)(iii) and (h)(4), because Dr. McDowell did not have the relevant medical expertise and was not the appropriate medical professional to evaluate all of her disabling

5

diagnoses and the limitations which supported her claim.  Defendants were obligated to consult with a health care professional with "appropriate medical training for the medical judgment" but it failed to do so.

20.     In a letter dated August 25, 2010, but not received by Plaintiff until March 14, 2011, LINA notified Plaintiff it had made a decision to uphold the denial of her claim for continued short term disability benefits.  LINA further informed Plaintiff she had exhausted the first level of administrative review and had the right to bring a legal action for benefits pursuant to ERISA.

21.     Upon information and belief, LINA's August 25, 2010 denial letter confirms it failed to provide a full and fair review pursuant to ERISA because it completely failed to credit, reference, consider, and/or selectively reviewed and de-emphasized most, if not all of Plaintiff's reliable evidence.

22.     Upon information and belief, from the time LINA originally evaluated Plaintiff's claim for short term disability benefits through the present, Plaintiff has remained unable to engage in any occupation.

23.     Upon information and belief, LINA denied Plaintiff a lawful, full and fair review pursuant to ERISA for various reasons including but not limited to: arbitrarily rejecting Plaintiff's reliable evidence; failing to consider all evidence submitted by Plaintiff or de-emphasizing the medical evidence supporting Plaintiff's disability and emphasizing evidence which suggested an opposite conclusion; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in her medical evidence as well as the combination of those diagnoses and impairments and failing to obtain an Independent Medical Examination when the STD Policy allowed one and Plaintiff's disabling conditions could not be reasonably or fully evaluated by reviewing only her medical records.

24.     Notwithstanding the fact Plaintiff was not represented during the appeal and LINA believed she had not provided sufficient evidence to prove her claim, LINA failed to adequately investigate her case and failed to engage Plaintiff and/or her longtime treating physicians in a dialogue during the appeal with regard to what evidence was necessary so Plaintiff could perfect her appeal and claim.  LINA's failure to adequately investigate the claim and to engage Plaintiff in this dialogue or to obtain the evidence it believed was important to assist in perfecting the claim is a violation of ERISA and Ninth Circuit case law and a reason she did not receive a full and fair review.

25.     LINA has notified Plaintiff she has exhausted the first level of appeal and therefore could file a civil action in federal court pursuant to ERISA.

26.     In evaluating Plaintiff's claim on appeal, LINA had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [2]

27.     Plaintiff believes one reason LINA provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to its aforementioned conflicts of interest.  Plaintiff believes LINA's conflict of interest is evident in the fact that if it found she continued to meet the definition of short term disability in the STD Policy and Plaintiff exhausted those benefits, LINA would then be confronted with the potential of paying her disability benefits for many years pursuant to the

---

[2] ERISA sets a special standard of care upon a plan LINA, namely, that LINA "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan.  *See* 29 U.S.C. § 1104(a)(1). ERISA simultaneously underscores the particular importance of accurate claims processing by insisting that LINAs "provide a 'full and fair review' of claim denials." *See Firestone*, 489 U.S. at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting 29 U.S.C. § 1133(2)).  ERISA also supplements marketplace and regulatory controls with judicial review of individual claim denials. *See* 29 U.S.C. § 1132(a)(1)(B); and, *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (2008).

LTD Policy it fully insured and issued to the company.  Due to its conflict of interest, when LINA terminated Plaintiff's short term disability claim it saved a significant sum of money.

28.     Plaintiff is entitled to discovery regarding the aforementioned conflict of interest and any individual or company who was involved in and/or reviewed Plaintiff's claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any* conflict of interest which may have impacted or influenced the decision to terminate her benefits.

29.     With regard to whether Plaintiff meets the definition of disability set forth in the STD Policy and LTD Policy, the Court should review the evidence in Plaintiff's claim *de novo,* because even if the Court concludes the STD Policy and/or LTD Policy properly confers discretion to LINA, its unlawful violations of ERISA committed during the review of Plaintiff's claim as referenced herein are so flagrant they justify *de novo* review.

30.     As a direct result of LINA's decision to deny Plaintiff's disability claim she has been injured and suffered damages in the form of lost short and long term disability benefits in addition to other potential employee benefits, including but not limited to, health insurance benefits she may have been entitled to receive through or from the Plans, relevant Policies and/or Company as a result of being found disabled.

31.     As referenced *supra*, since exhausting STD benefits was a pre-requisite for Plaintiff to be eligible for LTD benefits, LINA's denial of her STD claim precluded her eligibility for benefits pursuant to the LINA LTD Policy.  At present, but for LINA's erroneous termination of her STD claim, she would now be eligible for and receiving LTD benefits.  Therefore, Plaintiff also seeks a determination in this litigation that she is eligible for LTD benefits and meets the definition of disability in the LINA LTD Policy since the evidence submitted to LINA proves she meets both the short and long term definitions of

disability in the respective STD Policy and LTD policy as these definitions are substantially similar.

32.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

33.     Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' unjustified limited payment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     For an Order finding that Plaintiff meets any definition of disability set forth in both the STD Policy and the LTD policy.  For an Order requiring Defendants to pay Plaintiff short and long term disability benefits and any other employee benefits she may be entitled to as a result of being found disabled pursuant to the aforementioned short and long term disability policies, from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon, as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

B.     For an Order requiring Defendants to continue paying Plaintiff the aforementioned benefits until such time as she meets the conditions for termination of benefits;

C.     For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.     For such other and further relief as the Court deems just and proper.

1

DATED this 23rd day of November, 2011.

2

SCOTT E. DAVIS. P.C.

3

By: _/s/ Scott E. Davis_

4

Scott E. Davis
Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26